Zulu Ali, Esq., SBN: 252998
Geoffrey W. Sorkin, Esq., SBN: 317652
**LAW OFFICES OF ZULU ALI**
2900 Adams Street, Suite C-13
Riverside, CA 92504
Telephone: (951) 782-8722
Fax: (951) 346-9101
Email: zulualilaw@gmail.com

Attorneys for Plaintiff, SURIE ALEXANDER

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURIE ALEXANDER,<br><br>            Plaintiff,<br><br>     v.<br><br>RIKAYAH BENOIT in her individual capacity, STEPHANIE CLENDENIN in her individual capacity, and ROES 1-10, inclusive,<br><br>            Defendants. | CASE NUMBER:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **42 U.S.C. § 1983**<br><br>**Demand for Jury Trial** |

## COMPLAINT

### INTRODUCTION

1. This action arises under the United States Constitution and the Civil Rights Act pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, wherein Plaintiff seeks to redress deprivations by RIKAYAH BENOIT in her individual capacity; STEPHANIE CLENDENIN in her individual capacity and Unknown Named Defendants 1 through 10. Jurisdiction of this is court is invoked under 28 U.S.C. § 1331, and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

**COMPLAINT FOR DAMAGES**

1

2. At all times mentioned herein, all defendants were acting under color of state law, or rights secured to plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States. The court has supplemental jurisdiction over those claims arising under state law by virtue of 28 U.S.C § 1367.

3. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

## THE PARTIES

4. Plaintiff SURIE ALEXANDER (hereinafter Plaintiff) is a citizen of California, who was incarcerated by San Bernardino County and treated at DSH Patton for all relevant times of this lawsuit. Plaintiff was released from DSH Patton in February of 2018, and presently resides in San Bernardino County, California.

5. On information and belief, RIKAYAH BENOIT, sued in her individual capacity is a social worker employed by the Department of State Hospitals, who made the decision to not transfer Plaintiff following the first attack by another patient at DSH Patton.

6. STEPHANIE CLENDENIN, sued in her individual capacity is the head of the Department of State Hospitals, and on information and belief responsible for the policies at issue.

7. Roe Defendants include doctors employed by the State of California through the Department of State Hospitals at DSH Patton, who are responsible for the care of patients, as well as administrative decisions regarding transfers.

## STATEMENT OF FACTS

8. Plaintiff was placed into custody of San Bernardino County pending a criminal trial.

9. Plaintiff was declared mentally incompetent, and incapable of assisting his attorney at trial.

10. As a result of Plaintiff's state of incompetence, he was transferred from the county jail to DSH Patton, Unit 72.

11. During his time being treated in Unit 72, Plaintiff had difficulty and communicating, and was largely nonverbal.

12. Defendants were aware of Plaintiff's difficulties communicating, as his inability to

**COMPLAINT FOR DAMAGES**

2

1    communicate were part of the reason Plaintiff was being treated at DSH Patton.

2    13.    On 4/29/2017, Plaintiff was attacked by a fellow patient while in Unit 72 DSH-Patton (hereinafter Unit 72). Plaintiff was struck multiple times on the left side of his face approximately two inches below his eye.

14.    After Plaintiff's attack, he was seen by Nurses Ann Silavong and Albert Bayen, employees of DSH Patton. Plaintiff was educated not to retaliate and given Tylenol. However, no steps were taken to provide additional means to protect Plaintiff from further attack by the fellow patient, nor was plaintiff examined by a neurologist.

15.    Neither Plaintiff nor the patient who attacked Plaintiff were transferred from Unit 72, and no steps were taken that would increase safety for Plaintiff.

16.    On information and belief Rikayah Benoit made the decision not to transfer Plaintiff.

17.    Plaintiff received no follow-up examinations or treatment following his initial attack.

18.    On May 10, 2017, Plaintiff was attacked again by the same fellow patient. During the second attack Plaintiff was struck multiple times on the right side of his face approximately one inch below his eye.

19.    After second attack, Plaintiff was examined by Nurse Ann Silavong. Plaintiff was again informed not to retaliate, and given Tylenol. However, on that date, no additional means to protect Plaintiff from further attack by the fellow patient were taken, nor was any examination by a neurologist performed on Plaintiff.

20.    Plaintiff received no follow-up examination prior to his transfer from Unit 72. No further steps to ensure Plaintiff's safety were taken prior to his transfer.

21.    On May 17, 2017, Plaintiff was transferred to a separate unit. His transfer doctor indicated that Plaintiff had pain in his right eye, and floaters affecting his vision.

22.    On January 3, 2018, Plaintiff was determined by the Superior Court of California County of San Bernardino to be mentally competent to stand trial.

23.    In approximately March of 2018, Plaintiff's family was informed that Plaintiff had lost ninety percent of the vision in his right eye, and fifty percent of the vision in his left eye.

**COMPLAINT FOR DAMAGES**

3

24. At all relevant times pursuant to this lawsuit, Plaintiff was incarcerated by the County of San Bernardino.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983]

## EIGHTH AMENDMENT

### (By Plaintiff Against All Defendants)

25. Plaintiff hereby incorporates and realleges paragraphs 1 through 19 of this Complaint as though fully set forth hereat.

26. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress
> . . .

27. As alleged herein and above, Defendants maintained a policy of not staking additional steps to protect patients, or to transfer patients to a separate unit absent an affirmative request by a patient.

28. As alleged herein and above, Defendants maintained a policy of not performing neurological tests beyond observation, nor consulting with a neurologist.

29. Roe Doctor Defendants were at all relevant times employed by the State of California, and acted under color of law to deprive Plaintiff's constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Either Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

30. As alleged herein and above, Defendants failure to protect Plaintiff from subsequent attack constitutes a violation of Plaintiff's Eighth Amendment rights because Defendants denied protection with deliberate indifference to Plaintiff's safety.

**COMPLAINT FOR DAMAGES**

4

31. As alleged herein and above Defendants failure to take steps to diagnose and treat Plaintiff's ocular injuries constitutes a violation of Plaintiff's Eighth Amendment rights because Defendants denied essential medical actions with deliberate indifference to Plaintiff's serious medical needs.

32. At all relevant times Defendants acted under color of law to keep Plaintiff within the same environment without taking any steps to protect Plaintiff or transfer either Plaintiff or his attacker. Defendants knew of Plaintiff's attack on 4/29/2017, and the risk of the fellow patient attacking Plaintiff again. Defendants took no action to protect Plaintiff beyond "considering" transferring Plaintiff. Defendants consciously disregarded the risk of Plaintiff being attacked again in violation of Plaintiff's Eighth Amendment rights.

33. At all relevant times Defendants acted under color of law to deny Plaintiff necessary testing and medical consultation to deny Plaintiff diagnosis of his injuries. Defendants knew or should have known that Plaintiff was largely nonverbal. Defendants knew or should have known that Plaintiff had multiple serious injuries to his head in the past, as well as a history of seizures. As a result, Defendants knew or should have known that denying necessary testing and medical consultation was an excessive risk in violation of Plaintiff's Eighth Amendment rights. Defendants consciously disregarded this risk in violation of Plaintiff's Eighth Amendment rights. Defendants' failure to provide necessary testing and medical consultation was not based on legitimate differences in medical opinion, but on deliberate indifference and conscious disregard to Plaintiff's serious medical needs.

34. Rikayah Benoit and Roe Defendant Doctors, at all times relevant to this case, acted in their individual capacity and under color of state law, with deliberate indifference to Plaintiff's safety by failing to take any steps to protect Plaintiff and prevent his second attack. Defendants knew that denying additional protection or a transfer from Plaintiff was an excessive risk to Plaintiff's safety. Defendants consciously disregarded this risk by failing to take any steps to protect Plaintiff or to transfer Plaintiff from Unit 72 before a full week after his second attack.

35. Rikayah Benoit and Roe Defendant Doctors at all times relevant to this case, acted in their individual capacity and under color of state law, with deliberate indifference to Plaintiff's

health by failing to perform necessary testing or medical consultation after either of Plaintiff's attacks. Defendants knew or should have known of the excessive risk posed through Plaintiff's history, nonverbal status, and multiple strikes to the head that Plaintiff suffered neurological or ophthalmological harm. Defendants consciously disregarded this risk by failing to perform any substantive neurological testing or consulting with a neurologist to diagnose and treat Plaintiff in violation of Plaintiff's Eighth Amendment rights.

36. As a result of Defendants policy and practice to fail and refuse to take additional steps to protect patients who were at risk of being attacked by fellow patients, Plaintiff has lost ninety percent of the vision in his right eye, and fifty percent of the vision in his left eye.

\\
\\
\\
\\
\\
\\
\\
\\

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendants as follows:

1. For special damages in an amount to be proven at trial to Plaintiff against all defendants, jointly and severally
2. For general damages in an amount to be determined at trial to Plaintiff against all defendants, jointly and severally;
3. For Punitive damages to Plaintiff against all defendants, jointly and severally
4. For attorneys' fees pursuant to 42 U.S.C. § 1988;
5. For costs of suit herein;
6. For such other and further relief as the Court may deem proper

**COMPLAINT FOR DAMAGES**

1 | The Plaintiff hereby demands a jury trial.

2

3 | Dated July 23, 2019                    THE PLAINTIFF, BY

4

5 |                                       By: _____

6 |                                       Geoffrey W. Sorkin, Esq.
Attorney for Plaintiff,
Surie Alexander

**COMPLAINT FOR DAMAGES**

7